IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN WALLACE | ) | |
| | ) | |
| v. | ) | No. 3:07-0898 |
| | ) | |
| QUENTIN WHITE, et al. | ) | |

To: Honorable Aleta A. Trauger, District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered September 6, 2007 (Docket Entry No. 2), this action was referred to the Magistrate Judge for entry of a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is Defendant George Little's Motion to Dismiss (Docket Entry No. 11), to which Plaintiff has not filed a response in opposition.[1]

For the reasons set out below, the Court recommends that the motion be GRANTED.

### I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Facility ("SCCF"). SCCF is a prison operated by Corrections Corporation of America, Inc. ("CCA") pursuant to a contract with the State of

---

[1] By Order entered October 19, 2007 (Docket Entry No. 19), the plaintiff was notified of the motion and the need to respond.

Tennessee. He filed this action on September 6, 2007, under 42 U.S.C. §§ 1983, 1985, and 1986 seeking compensatory and punitive damages, as well as declaratory and injunctive relief.

The plaintiff asserts that he suffers from "menology nerve damage in his spine, which also created continuing pain in both of his hands." See Docket Entry No. 1 at 5. He states that he underwent surgery to repair the condition and was prescribed a certain kind of pain medication. It is unclear how long he used this pain medication, but he alleges that prison officials subsequently stopped this medication and substituted another type of pain medication. The plaintiff alleges that the new medication is not effective in easing the pain he has in his hands and back and contends that the defendants, "pursuant to a long established common scheme of plan, have engaged in an illegal act of conspiracy to deprive [him] of reasonable and adequate medical needs and treatment . . . for the sole purpose to save money for the Corporations and facility." Id. at 4-5. He contends that the defendants' actions have violated his Eighth and Fourteenth Amendment rights.

Named as defendants to the action are former TDOC Commissioner Quentin White, current TDOC Commissioner George Little, SCCF Warden Cherry Lindamood, SCCF Assistant Warden Danny Pritchard, and unnamed "SCCF/CCA Medical Administrators."[2] Defendants Lindamood, Pritchard, and Edwards filed a joint answer to the complaint. See Docket Entry No. 23. In lieu of an answer, Defendant Little filed the pending dispositive motion. The plaintiff did not return a

---

[2] "Dr. Gants" is included as a defendant in the caption of the complaint. However, "Dr. Gants" is not listed as a defendant in the section of the complaint which sets out the parties to the action and the plaintiff did not return a service packet for "Dr. Gants."
   The plaintiff did, however, return a service packet for Lisa Edwards despite not listing her as a defendant to the action in his complaint. Edwards was subsequently served with process and has responded to the complaint.

2

service packet for Defendant White and White has not been served with process in the action. The plaintiff has not identified any other individual as a defendant to the action.

## II. MOTION TO DISMISS

Defendant Little seeks dismissal from this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim against him upon which relief can be granted. Defendant Little asserts that the plaintiff's complaint contains no factual allegations against him. He contends that he has been named as a defendant in the action solely because he is the TDOC Commissioner and not because of any personal involvement he had with the plaintiff's health care.

## III. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the plaintiff's allegations and resolve all doubts in the plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987).

While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The factual allegations supplied must be enough to show a plausible right to relief. 127 S.Ct. at 1965-68. More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting

3

all of the material elements to sustain a recovery under some viable legal theory.  Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

## IV. CONCLUSIONS

The motion to dismiss should be granted.  The complaint contains no specific factual allegations of any conduct on the part of Defendant Little regarding the plaintiff's health care at the SCCF.  Indeed, the Court can only speculate and guess as to what Defendant Little is believed to have done which violated the plaintiff's constitutional rights.  There is simply no basis within the complaint supporting a claim against Defendant Little.

It is well settled that a defendant cannot be held liable for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct.  Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992).  The plaintiff must show that the defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989).  There are no such factual allegations in the complaint regarding Defendant Little.

Defendant Little's position as the TDOC Commissioner cannot be the sole basis for a claim of individual liability against him.  Because liability on a claim of a constitutional deprivation requires a showing of the personal involvement of the defendant in the alleged unconstitutional activity, a defendant cannot be found liable under the theory of respondeat superior or merely because he is in a supervisory position.  Shehee, 199 F.3d at 300; Hays v. Jefferson County, 668

F.2d 869, 872 (6th Cir. 1982). To be held liable, a supervisor must have encouraged the specific incident of misconduct or in some other way directly participated in it. Shehee, 199 F.3d at 300. Again, there are no allegations in the complaint supporting such a claim against Defendant Little.

Review of the complaint also indicates that Defendant White should be dismissed from the action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure because he has not been served with process in this action within 120 days of the September 6, 2007, Order which permitted this action to proceed. Rule 4(m) provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "shall dismiss" the action without prejudice.

Additionally, the plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 should be dismissed for failure to state a claim upon which relief can be granted. Although the plaintiff's complaint alleges a conspiracy to violate his constitutional rights, it is devoid of factual allegations establishing conspiracy and fails to allege a class-based conspiracy which is a necessary prerequisite to sustaining liability under Section 1985. See Haverstick Enter., Inc. v. Financial Fed Credit, Inc., 32 F.3d 989, 994 (6th Cir. 1994). The Section 1986 claim lacks an arguable basis in law as that statute contains no substantive provisions and was enacted only to enforce Section 1985. See 42 U.S.C. § 1986; Radvansky v. City of Olmsted Falls, 395 F.3d 291, 314 (6th Cir. 2005).

**R E C O M M E N D A T I O N**

Accordingly, the Court respectfully RECOMMENDS that:

1) the motion to dismiss of defendant George Little be GRANTED and that defendant Little be DISMISSED from the action;

5

2) the plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 be DISMISSED as to all defendants for failure to state a claim; and

3) Defendant Quentin White be DISMISSED from this action under Rule 4(m) of the Federal Rules of Civil Procedure.[3]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully submitted,

                                                JULIET GRIFFIN
                                                United States Magistrate Judge

---

[3] By contemporaneously entered order, the Court has set deadlines for the progression of this case against the remaining defendants on the plaintiff's claims under 42 U.S.C. § 1983.

6